FILED - USDC -NH
2022 DEC 28 AM 11:28

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

*********************

| | |
|---|---|
| Ekoue Dodji Aboussa | ) |
| Image des reves photography | ) |
| Business ID: 895586 | ) |
| Paul Akouete Aboussa | ) |
| **96 Fisherville Rd Apt 27** | ) |
| **Concord, NH 03303** | ) |
| *Plaintiff,* | * |
| .v. | * |
| **Community Bridges** | ) |
| **162 Pembroke Rd, Concord, NH** | ) |
| **03301** | ) |
| *Defendants* | ) |

Complaint

**************************

## Parties to the Complaint

Plaintiff(s)'s Name, Address and Phone Number

> Ekoue Dodji Aboussa 96 Fisherville rd Apt 27, Concord NH 03303 603-290-0511
>
> Paul Akouete Aboussa 96 Fisherville rd Apt 27, Concord NH 03303 603-369-8719

Defendant(s)'s Name, Address and Phone Number

Community Bridges 162 Pembroke rd, Concord NH 03301 603-225-4153

## Jurisdiction and venue:

(Explain why your case is being filed in federal court and why the court is legally permitted to hear your case. Add additional sheets as necessary.)

1) Plaintiff's Aboussa have jurisdiction in Federal Tribunal.

   a) Due to the jurisdiction that deals with a question involving the United States Constitution or first National/Federal government. In this case Community Bridges called the government on Aboussa. (28 U.S.C 1331) grants federal district court with original subject matter jurisdiction over all civil actions arising under the constitution laws and permits the United States district court to hear claims and grant compensatory reliefs.

   b) Due to the amount of damages in controversy being more than $75,000. In this case it's $ 7,000 Millions.

   c) Due to diversity of citizenship: when one party to a lawsuit is a citizen of a State and opposing party is an alien (someone who is not a citizen of the United States) 28 U.S.C 1332(a)(2) or a foreign country [28 U.S.C 1332(a)(4)] "I'm a legal permanent resident of the United States as a refugee". The United States where Paul Aboussa has citizenship through immigration as a refugee.

**WHEREFORE; THIS HONORABLE COURT IS LEGALLY PERMITTED TO GRANT JURISDICTION AND RELIEFS, UP ON HEARING.**

**Statement of Claim:**

(As briefly as possible, state each claim you have against defendant(s) and state the legal cause of action, facts, and circumstances that gave rise to your claim(s). Add additional sheets as necessary.)

*Aboussa's Assistant manager « Andrew Turgeon » at Community Bridges, an ex-Police officer who hired Aboussa with Senior manager Jessica Sanborne, who lives next to Aboussa in Penacook NH, called Concord Police on Aboussa due to him being a male person of color employee.*

**>>THERE FORE COMMUNITY BRIDGES CALLED THE GOVERNMENT ON ABOUSSA<<**

## OVERVIEW

**Aboussa requests from this honorable court to continue employment at his current position with Community Bridges after filing this lawsuit, until further notice from this court.**

*Aboussa has well knowledge and comprehension of the Direct Support Provider position at Community Bridges and Community Bridges role with relation to the State hospital. Aboussa prefers providers duty; Aboussa loves his job at Community Bridges. Every co-employee call out of work with no problems but Aboussa is the only one that's always there doing the job the right way, Aboussa is being blamed by the managers and director after he complained. The managers and director would not let Aboussa speak to the Nepalese Refugee Assistant director Prata Thapa, who knows Aboussa more than then, and his work ethics for a long time; to address some issues. Emily Dubuque who takes Applications in Human Resources, liked Aboussa's personality from start and would now no longer like Aboussa. Aboussa must complaint in court.*

a) When patients with mental illnesses get discharged from NH hospital.
b) Those of them that have disabilities and need providers to, provide them with a home to stay and get supports services, such as medication reminders, daily living activities supports, such as breakfast, lunch, dinner cooking. Transportation to work, or other appointments, would look for support services through agencies such as Community Bridges.

## HISTORY

1) An Employment relation had once been established between Community Bridges "a company that provides services to individuals with developmental disabilities" and **the registered agent of a limited liability company, Images des reves LLC. Ekoue Dodji Aboussa in 2013; where Aboussa took a position as a Direct Support Provider, referred to by Aboussa's best friend Sekou Sheriff.** An African refugee male person of color from Liberia, who's currently employed with Community Bridges for 15 years. Note: *"Sekou Sheriff has a client with disabilities at his house, whom*

*Aboussa works with Sekou Sheriff periodically taking care of for income". Aboussa also does respite care for those that are home care providers in the area, where Aboussa would visit their clients when they are not available, would care for them and administer medication to them until they return to their clients.*

*"Aboussa: A male person of color, Togolese refugee, a green card holder who intents to have business employment in the United, maintaining his refugee status for business employment only until retirement, and would return to Africa, Aboussa must sue, as he'll bring his wife and more family members to come work in the United States; New Hampshire small business development is in the process of opening a store for Aboussa's Photography store.*

2) A few months after taking the position and performing well as an employee; Paul and Ekoue Dodji Aboussa had to **report 29 CFR 1604.11- Sexual harassment, violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

3) to Community Bridges Human Resources " in person with Sherry Harding" against his direct supervisor Melissa Moore; allegations which were founded and resulted in termination of Melissa Moore's employment with Community Bridges in 2014. "Violating an African refugee male person of color's rights" Paul and Ekoue Dodji Aboussa explained to Sherry Harding in Human Resources; that they were refugees who were only looking for employment opportunities in the **United States** with good partnership intention, that **29 CFR 1604.11- Sexual harassment, violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

4) While still learning English and performing Direct Support Provider services with Community Bridges; Aboussa had a permission from Community Bridges to take Licensed Nursing Assistant courses during employment, where Aboussa studied and worked until graduating. After graduating and being with the Company for over 1.5 year. Aboussa left the Company due to the company not having LNA position Jobs Available for Aboussa.

5) After Ekoue Dodji Aboussa had stopped employment then with Community Bridges; his third small brother begun employment with Community Bridges, where Messanvi Aboussa had also been employed. *"Aboussa's family member had also been employed at Community Bridges"*

6) In October 2021; Ekoue Dodji Aboussa went back to work at Community Bridges, referred to by Aboussa's best friend Sekou Sheriff, who had already been employed there for 15 years as well as Hem Battarai, a Nepalese friend who had been there for 13 years, sharing the same supervisor "Senior Program Manager" Jessica Sanborne. Ms. Sanborne's Assistant Manager Andrew Turgeon, used to be a Police Officer in Bradford NH and had his badge on the wall at the 560 Mountain rd, Concord NH group home office.

13) Around September or October of 2021, Aboussa had seen a couple of NH state police vehicles along side of the rd on Mountain rd half of mile down the rd next to the Mountain rd group home where we support our individuals; having nothing to do with our Community Bridges clients. Mr. Turgeon had been giving away Aboussa's information due to him being an ex police officer and as well being Aboussa's Assistant supervisor and being obsessed with his Penacook police buddies, and constantly wanting to find out for Ms. Sanborne whether Aboussa was married, divorced or not. My Mountain rd co-worker Erick Lavalley would constantly make the comment "they would lock you up" **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

14) Co-worker David Mura would constantly make the comment "drive slow, there is always that other guy you have to worry about" Mr. Turgeon had been calling the law enforcements on Aboussa and not on our clients and having our co-workers make those comments. Which Aboussa had reported to Ms. Sanborne.

15) Ms. Sanborne and Mr. Turgeon would constantly tell co-workers Benjamin Kelvey and Mike person to ask me at the Scribner rd residence; whether I'm married or not, or whether or not Aboussa drinks alcohol. However Aboussa has had a criminal record check; as well as a good employment review from Ms. Sanborne, Aboussa had never been stopped by law enforcements with Community Bridges clients in his vehicle; nor had Aboussa ever been issued a driving tickets in New Hampshire and Aboussa had been screened for criminal records check prior to employment with Community Bridges.

---

16) I have been working at the 171 Scribner rd, Northfield NH with Ms. Sanbrone prior to the new residence manager taking over; Lori Jardullo. After the new manager toke over, I have been working at the residence 5 days a week and 1 day a week at the 560 Mountain rd Residence where Ms. Sanborne is stationed; however, Ms. Sanborne titled Senior manager supervises the entire program.

17) Ms. Jardullo and I's relationship had been well, when she began working at the Scribner rd residence as a manager which started in June 2022. The program director Gabriella Mc Faden who was also training Ms. Jardullo as well had no concerns about my performance. Around October 2022, Ms. Jardullo hearing lots of rumors about Mr. Aboussa from Ms. Sanborne and Mr. Turgeon's employees that come from the Mountain rd residence to cover shifts at the Scribner rd residence, began telling Mr. Aboussa not to work at the Scribner rd residence and to go back to the Mountain rd residence while yelling at Aboussa; **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

18) and at the same time, the program director's attitude changed toward me, not liking me anymore, because I used to give her other African refugee's applications for employment and she was helping to get them employed.

19) Program director, Gabriella Mc Fadden would no longer want applications from me and would no longer respond to my text messages. Aboussa began giving the applications to Emily Dubuque at Human resources instead; my relationship with Human resources was well. I went on a tour to our new Community Bridges office to meet every body; including Emily Dubuque who takes applications at Human Resources and the owner Chief Executive Officer Ann Ptozac and introduced myself.

20) On October 5th 2022; Aboussa and Ms Jardullo went to the Northfield Police Station next to the Scribner rd residence to file charges for one of our individuals against another individual that lives at the Scribner rd residence; Ms. Jardullo and I spoke to the Police officer about our clients representing Community Bridges while making the report. Police had no issues with Aboussa doing his job; after leaving the police station, Ms. Jardullo changed toward Aboussa, yelling at him and asked him to go to the other residence at Mountain rd where Ms. Sanborne is stationed. When Aboussa returned to the Scribner rd house the next day 10/5/22.; Aboussa found a missing controlled medication, meaning that we count our clients controlled substances every day before administering medications, but when Aboussa counted one of the individuals medications, instead of having a total count of 54 tablets, Aboussa counted only 53 tablets; it was done on purpose to blame or discriminate against Aboussa as stealing a controlled medication, **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

21) Ms. Jardullo did conspire with the Police, to discriminate against Aboussa, "by listening to the police's proposal to discriminate, and would constantly yell at Aboussa asking him to leave the residence" *when Aboussa's co-worker from Nepal had an accident next to the 171 Scribner rd house, the police officer that came to the call's name is Sean, he had told Aboussa and his co-worker Mohan Tapah, that his brother just got a job at the community Bridges Office, who constantly talked to people at Community Bridges about Aboussa being wanted by the police and FBI. Ms. Jardullo would constantly listen to the Police and harass Aboussa.* **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.** Note: there is an African American that works at the Scribner rd residence, that only comes to work sitting there and smoking the entire shift without problems where Ms. Jardullo is a Manager, Aboussa does not smoke but Ms. Jardullo herself smokes cigarettes at work. However all the refugees that work with me there are my friends from Africa or Nepal, whom always do their jobs the right way, we speak to each other in French or in the Liberian English as we went to school together-. We have had a co-worker, whom had an accident with one of our individuals in his car and still working there with no problems. Proving that Aboussa was being discriminated against.

22) At the beginning of December 2022, Aboussa sent a letter to Emily Dubuque at Human Resources along with his review, complaining **29 CFR 1604.11- Sexual harassment. violation of**

**Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.** about Ms. Jardullo's program; needing to leave her program and go back to his original position at Mountain rd, because of her listening to Northfield Police and discriminating against Aboussa. Mr Turgeon who initiated calling the police on Aboussa knowing that Aboussa is complaining, telling all the staff members and the Community Bridges office that, he over heard Concord Police saying that Aboussa is suing people, *and resigned from his Assistant manager's position* at the Mountain rd residence, where Ms. Sanborn is Senior manager, Mr. Turgeon would tell Human resources and everybody else about Aboussa's Federal court date, from Concord Police so they can continue employment discrimination with Aboussa. Mr. Turgeon is still employed as a home care provider with Community Bridges.

23) Ms. Jardullo had asked to speak with Aboussa after knowing Aboussa had a Complaint; and apologized to Aboussa asking to hired him for the Scribner rd residence full time with a raised in payment. Aboussa declined the offer due to **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

24) Aboussa complained to Ms. Sanborne about Ms. Jardullo's program asking to return to his original position at the Mountain rd residence due to increased **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.** Nor did HR get back to Mr. Aboussa about his complaint, nor was he compensated, but Aboussa was told by Ms. Sanborn that he will come back to his original position very soon at the Mountain rd residence.

## WITNESSES

**Rajesh Chauwan**: African Market Business owner at 132 Loudon rd, Concord, NH 03301, co-worker/friend from Nepal 603-397-2757 works at **Mountain rd** known for 10 years.
**Sekou Sheriff**: Best friend from Liberia, Barber client 603-568-8831 known for works at **Mountain rd**
**Dixon Grear** : Oldest co-worker who knows Aboussa's family members from Liberia about 65 years old, Aboussa's Barber client 401-742-1152 **Mountain rd**
**Abas Mohamed**: friend, next door neighbor, co-worker from Suddan 603-731-3916 **Scribner rd**
**Kalil Wague**: co-worker, Barber client/friend from Africa 603-738-9265 **Scribner rd**
**Hari Sharma**: co-worker, friend from Nepal 603-393-1105 **Scribner rd**
**Subba, Purna**: co-worker, Barber client/friend from Nepal 603-573-0050 **Scribner rd**
**Mohan Thapa**: co-worker, Barber client/friend from Nepal 603-219-9251 **Scribner rd**
**Hem Bhattarai**: co-worker, Barber client/friend from Nepal 603-496-9497 **Mountain rd**
**Ajit Nemkul**: co-worker, Barber client/friend from Nepal 469-773-7518 **Mountain rd**

## MEMORANDUM OF LAW

Having been harassed and discriminated against in the past by Community Bridges 29 CFR **1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.** Aboussa being an experienced Ex employee of Department of Health and Human Services is now filing a law against Community Bridges, which operates under New Hampshire.

1) That Ms. Sanborne who recruited Aboussa back to Community Bridges has harassed and discriminated against Aboussa in following manners:

2) Ms. Sanborne had only hired Mr. Aboussa to see if he would have intimate relationship with her; while training Aboussa, Ms. Sanborne would constantly in a romantic way tell Aboussa that, "am I seeing you tomorrow?, it's so nice that I am just sitting here and you are doing all the work, would constantly closely stair at Aboussa" and took off her wedding ring, Aboussa would perceive her as being nice and friendly and would also smile, hoping that employment relation would develop and, that Ms. Sanborne would develop Aboussa as a staff that would be successful, Ms. Sanborne and the black American Jordan Bean would smoke electric smoke in the office.

3) Ms. Sanborne and Mr. Turgeon would constantly say to all other Caucasians employees "that has to work". While Aboussa would constantly seek and ask Ms. Sanborne for his full time employment benefit up until 3 months to employment. Aboussa would constantly tell Ms. Sanborne that he was an African refugee that used to work, go to LNA school and learn English here at Community Bridges while his refugee co-workers from Africa and Nepal who used to work with him are still here working with him.

4) After 3 months; Aboussa was performing all his job description tasks independently. including medication administration certification; Mr. Turgeon would constantly asked Aboussa if he was married. Aboussa would reply having a child and being married, where the majority of his family being in Togo. Ms. Sanborne told Mr. Turgeon to look up Aboussa's information with the Penacook Police, and was told Aboussa has been in hand cuffs, at New Hampshire hospital giving them the rights to harass Aboussa.

5) Ms. Sanborne, Erick, and Fred are the people that smoke at the Mountain rd house while Mr. Turgeon was the Ex police officer with his badge on the wall at the manager's office at Mountain rd. And would constantly talk about being Aboussa's neighbor in Penacook and his Concord Police buddies; would constantly talk about the guy on the radar and was the one talking to the State police here at Mountain rd about Aboussa. Aboussa works hard, while the Mountain rd program has, Ed who is a 79 year old Caucasian male who does nothing and sit around all day, Darren is a physically disabled staff who does nothing all shift, Eric is a homosexual male who is ok to work here and not Aboussa, Eric, Ed, and Fred

didn't pass the medication administration class and don't have to give medication, but Aboussa passed all the trainings and performed all the required Direct Support Provider's duties. Mr. Turgeon had once crashed his vehicle in an accident and was still consider a good employee.

6) Mr. Turgeon was the one that asked Penacook Police if they know Aboussa, was also the one that told Ms. Sanborn senior manager, Ms. Jardullo manager and Ms. Mc Fadden director that Aboussa had been in hand cuffs and the Police where looking to take Aboussa back to NH hospital. Which they have told Human resources; not protecting Aboussa with the company lawyer or considering Aboussa as a Community Bridges staff.

7) In mid Oct 2022; Mr. Aboussa, Ms. Sanborne, Ms. Mc Fadden, Ms. Jardullo, (Mr. Goodale, Case manager for the individual I was supporting at the Scribner rd residence, whom also **used to work with Ekoue Dodji Aboussa and Paul Aboussa at the NH hospital, went to the** court house of the NH hospital along with the community Bridges lawyer representing community bridges to the court regarding the client's guardianship). Kalil Wague and Abas Mohamed, Aboussa's African refugee co-workers from Community Bridges were also present; they would constantly talk about Aboussa's accent being from Africa learning English here going to school and speaking many languages.

8) Community Bridges violated Aboussa's rights by calling the Police on Aboussa and not protecting Aboussa with the Company lawyer: **29 CFR 1604.11- Sexual harassment, violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.**

9) **Mr. Turgeon, Ms. Sanborne, Ms, Jardullo, and Ms. Mc Fadden** would now talk to the police and tell them where I am, when I am driving our clients out in the community, so they can set me up, stop me with the clients and attempt to terminate Aboussa. They have lately not been allowing Aboussa time off, when calling out of work; Ms. **Sanborne had taken off her wedding ring further engaging in sexual harassment.**

10) Aboussa's Immigration Lawyer Francis Agyare is aware of Aboussa already being in court.

**Relief Requested from the Court:**
(Briefly stated exactly what you want the Court to do for you. Add additional sheets as necessary.)

A.

1) This honorable court would take as true, and investigate all claims against Community Bridges, would attest and find all proven facts, including all witnesses. And would order Community Bridges to compensate Aboussa, with compensatory relief:

   a) If Aboussa is harassed and discriminated against while he is a business owner, therefore his business has been harassed and discriminated against. Aboussa performs his business duties accurately following all laws including harassment and discrimination laws.

   b) Through this honorable court, Aboussa will be compensated in the of 7,000 Millions Dollars which he'll purchase and become the Community Bridges owner C.EO, as Aboussa loves his job at having clients with disabilities to take care of.

   c) In this circumstances where Community Bridges violates **29 CFR 1604.11- Sexual harassment. violation of Title 7 of the Civil rights Act of 1964 which protects employees from employment discrimination based on race, color, religion, sex and national of origin. Equal employment opportunity commission antidiscrimination Act.** Aboussa will respect all these laws and would train employees accordingly; as the new owner of Community Bridges Company.

   d) *Ms. Sanborne, Mr. Turgeon, Ms. Jardullo and Ms. McFadden where those that violated Aboussa's rights.*

**\*\*WHEREFORE THIS HONORABLE COURT SHOULD GRANT RELIEF; AS\*\***

**JUST FAIR AND EQUITABLE**

---

**JURY DEMAND**

**PLANTIFFS REQUEST A JURY TRIAL** (*if you want a jury of your peers to decide your case*)

Date: 12-28-22

Signature : Ekoue Dodji Aboussa

Signature : Paul Akoute Aboussa

**JURY TRIAL REQUESTED**

**CERTIFICATE OF SERVICE**

<u>DATE: 12/28/22</u>

<u>SIGNATURE: EKOUE DODJI ABOUSSA</u>

<u>SIGNATURE: PAUL AKOUETE ABOUSSA</u>

A copy of this file to the clerk's office; as well to: Community Bridges 162 Pembroke rd, Concord NH 03301