UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Ekoue Dodji Aboussa et al.

    v.                                          Case No. 22-cv-567-SE
                                                    Opinion No 2023 DNH 061
Community Bridges et al.


O R D E R

Ekoue Dodji Aboussa and Images Des Reves LLC ("IDR") bring
suit against Community Bridges and the Federal Bureau of
Investigation alleging claims that arise out of Aboussa's
employment with Community Bridges. Viewed generously, the
amended complaint ("complaint") alleges a claim of employment
discrimination based on Aboussa's race or national origin and a
claim of sexual harassment, both in violation of Title VII of
the Civil Rights Act of 1964 and both against Community Bridges.[1]
Community Bridges moves to dismiss, arguing that the plaintiffs
fail to allege that they filed an administrative charge of
discrimination with the Equal Opportunity Employment Commission
("EEOC") or a parallel state agency prior to filing suit. Doc.
no. 7. The FBI also moves to dismiss, arguing, among other
things, that the complaint fails to state a plausible claim for

---

[1] As discussed further below, although the complaint
references the FBI, the claim Aboussa intended to assert against
the FBI is unclear.

relief against it. Doc. no. 14. The plaintiffs object to both
motions.[2]


## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to
state a claim, a plaintiff must make factual allegations
sufficient to "state a claim to relief that is plausible on its
face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is
facially plausible if it pleads "factual content that allows the
court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first
identify and disregard statements that "merely offer 'legal
conclusions couched as fact' or 'threadbare recitals of the
elements of a cause of action.'" Ocasio-Hernández v. Fortuño-
Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S.
at 678 (alterations omitted)). Second, the court must credit as
true all nonconclusory factual allegations and the reasonable
inferences drawn from those allegations, and then determine if

---

[2] The plaintiffs also filed a motion requesting a hearing on
Community Bridges' motion to dismiss. See doc. no. 13. Because
the plaintiffs' objection confirms that Community Bridges is
entitled to dismissal of the plaintiffs' claims and because oral
argument would not provide assistance to the court, see LR
7.1(d), the court denies that motion.

the claim is plausible. See id. In light of the plaintiffs' pro

se status, the court liberally construes his pleadings.[3] Erickson

v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Viewed generously, the complaint alleges that Community

Bridges employed Aboussa for some period of time and, during his

employment, discriminated against him on the basis of either his

race or his national origin in various ways. A Community Bridges

employee also allegedly sexually harassed Aboussa. He brings

claims against Community Bridges under Title VII.

Before addressing the defendants' arguments in their

motions to dismiss, the court notes that although IDR is

included as a plaintiff in the complaint's caption, the

complaint does not allege any claim on IDR's behalf. To the

extent that the complaint references IDR, it states only that

Aboussa is allegedly IDR's "registered agent." Therefore, the

court dismisses any purported claim asserted by IDR.

---

[3] The court notes that one of the plaintiffs, IDR, is a
limited liability company and is not permitted to litigate pro
se. Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 36 n.2
(1st Cir. 2012). Because IDR has not alleged a viable claim
against either defendant as discussed further below, the court
dismisses the complaint on the merits rather than on that
procedural ground. See Medeiros v. United States, 621 F.2d 468,
470 (1st Cir. 1980) (noting "the strong policy favoring
disposition of cases on the merits").

I.     FBI's Motion to Dismiss

        The FBI moves to dismiss, arguing that the complaint fails

to state a viable claim for relief against it.[4] Viewed

generously, the complaint alleges that the FBI at some point

spoke to Community Bridges about Aboussa, either in conjunction

with or without local police enforcement.[5] Although the complaint

appears to state that this conduct is a violation 18 U.S.C. §

2261A, that is a "federal criminal statute involving stalking,"

and the statute "does not confer a private right of action."

Ives v. Tyer, No. CV 17-30101-MGM, 2017 WL 6551361, at *2 (D.

Mass. Nov. 3, 2017).

        The complaint fails to state a plausible claim for relief

against the FBI. Consequently, the court grants the FBI's motion

to dismiss.

---

        [4] The FBI argues that any claims asserted against it in the
complaint should be dismissed for the additional reason that the
plaintiffs have failed to complete service. See doc. no. 14 at
2-3. Because the complaint fails to state a cognizable claim for
relief against the FBI, the court addresses any claims against
the FBI on the merits.

        [5] The complaint also references "illegal surveillance,"
though it contains no allegation of surveillance of any kind by
either defendant.

II.  Community Bridges' Motion to Dismiss

Community Bridges argues that Aboussa failed to exhaust his
administrative remedies under Title VII. An employee wishing to
file a civil action asserting a claim under Title VII "must file
an administrative claim with the EEOC or with a parallel state
agency before a civil action may be brought." Thornton v. United
Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009). "The
purpose of that requirement is to provide the employer with
prompt notice of the claim and to create an opportunity for
early conciliation." Fantini v. Salem State Coll., 557 F.3d 22,
26–27 (1st Cir. 2009). "Similarly, an employee must obtain a
right-to-sue letter before bringing suit—and a court will
typically insist on satisfaction of that condition." Mach
Mining, LLC v. E.E.O.C., 575 U.S. 480, 487 (2015). A
"plaintiff's unexcused failure to exhaust administrative
remedies effectively bars the courthouse door." Jorge v.
Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

The complaint does not allege that Aboussa filed an
administrative claim with the EEOC or a parallel state agency or
that he received a right-to-sue letter. In his objection to
Community Bridges' motion, Aboussa states that "Plaintiffs have
filed their complaints with the New Hampshire Commission of
Human Rights on 2/1/23" and that the Commission of Human Rights
is "an agency parallel to EEOC." Doc. no. 9 at 2. Aboussa,

5

however, instituted this action on December 28, 2022, before he purportedly filed his administrative claim. Further, he does not state that he received a right-to-sue letter. Therefore, Aboussa did not exhaust his administrative remedies under Title VII prior to bringing this suit.

For that reason, the court grants Community Bridges' motion to dismiss without prejudice to Aboussa's right to refile after exhausting his administrative remedies under Title VII.

Conclusion

For the foregoing reasons, the court grants the FBI's motion to dismiss (doc. no. 14), grants Community Bridges' motion to dismiss (doc. no. 7) without prejudice as provided in this order, and denies the plaintiff's motion for a hearing (doc. no. 13).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____

Samantha D. Elliott
United States District Judge

May 15, 2023

cc:   Ekoue Dodji Aboussa, pros e
      Paul Akouete Abousssa, pro se
      Counsel of Record